IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS                                                                    PLAINTIFF

versus                                              CIVIL ACTION NO. 5:08-cv-336-DCB-MTP

D. BUTLER, et al.                                                                DEFENDANTS

## ORDER

This matter is before the court on a Motion to Appoint Marshal to Serve Summons and Complaint [3] filed by Plaintiff. Having reviewed the motion and the entire record in this matter, the court finds that the motion should be denied.

Plaintiff filed this *pro se* prisoner lawsuit on December 19, 2008 and paid the $350 filing fee. On December 22, 2008, the clerk of the court sent a memorandum [2] to Plaintiff advising him that he is responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Clerk enclosed summons forms and provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, and provided Plaintiff with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case.

Rule 4(c) provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides that if the Plaintiff fails to serve the defendant with the complaint within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant . . . ." Because plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court and the U.S. Marshal's office have no obligation to assist Plaintiff with the service of process. *See* Fed. R. Civ. P. 4(c); Local Rule

4.1(B) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*). Accordingly,

 IT IS, THEREFORE, ORDERED:

1. That Plaintiff must serve the defendants with the summons and complaint by April 20, 2009,[1] and must file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l).
2. That Plaintiff's failure to properly serve defendants in accordance with Rule 4 could result in the dismissal of this action.
3. That the Clerk of Court is directed to mail to Plaintiff four blank summonses. Plaintiff is responsible for preparing the summonses, returning them to the Clerk for issuance, and for arranging service of the issued summonses. *See* Fed. R. Civ. P. 4 and Memorandum [2] from Clerk.
4. That it is the Plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

 SO ORDERED this the 7th day of January, 2009.

 s/ Michael T. Parker
 United States Magistrate Judge

---

[1] The 120-day period expires on April 19, 2009, a Sunday, and therefore plaintiff has until the following day, Monday, April 20, 2009.