**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FREDERICK BANKS**                                                                              **PLAINTIFF**

**versus**                                                            **CIVIL ACTION NO. 5:08cv336-DCB-MTP**

**D. BUTLER, et al.**                                                           **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the court on a Motion for Summary Judgment [29] filed by Plaintiff. Having reviewed the motion, the entire record in this matter and the applicable law, and thus being fully advised in the premises, the undersigned recommends that the motion be denied.

FACTUAL BACKGROUND

Plaintiff filed this *Bivens*[1] action *pro se* on or about December 19, 2008 against the following Defendants: 1) Diana F. Butler, Accounting Technician at FCC Yazoo City; 2) Lisa S. Hunt, Accounting Technician at FCC Yazoo City; 3) Bruce Pearson, Warden at FCC Yazoo City; 4) Sandra Luton, Trust Fund Supervisor at FCC Yazoo City; 5) Julie L. Southerland, Unit Manager at FCC Yazoo City; 6) Phillip C. Jackson, Counselor at FCC Yazoo City; 7) Phillip Beatty, Jr., Correctional Systems Officer at FCC Yazoo City; 8) Sarita Johnson, Inmate Systems Manager at FCC Yazoo City; 9) the United States; 10) the Department of Justice (DOJ); 11) the Bureau of Prisons (BOP); 12) the Secretary of the Department of Interior; and 13) the Bureau of

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Land Management (BLM).[2]

Plaintiff makes a number of allegations in this lawsuit. First, Plaintiff alleges that from February 16, 2007 through November 5, 2008, Defendants Butler, Hunt, Pearson and Luton "froze, encumbered, and stole or otherwise distributed [his] funds out of his inmate trust fund account ... and otherwise converted the funds to their own use." *See* Cplt. at ¶ 1. Plaintiff also alleges that around October or November of 2008, Defendants Butler, Hunt, Pearson and Luton were presented with a § 2241 petition and a green money form for his filing fee, but instead of processing them, they were returned to him. *See* Cplt. at ¶ 2. Plaintiff also alleges that on three occasions, Defendant Jackson, "along with his partner in crime Katon Varnado,"[3] obstructed, read and disseminated his personal and legal mail. *See* Supp. Cplt. [5] at ¶ 11. Plaintiff avers that Defendants Southerland, Beatty, Jackson and Johnson unlawfully opened, censored and interfered with his legal mail outside of his presence. *See* Supp. Cplt. ¶¶ 13-17. Plaintiff further contends that unspecified Defendants violated the Privacy Act by copying his unspecified private files which contained his "social security number, name and likeness and home address" and disseminating them among staff and inmates in conversations. *See* Supp. Cplt. at ¶¶ 18-19. Plaintiff also asserts a separate invasion of privacy claim against the United States under the Federal Tort Claims Act (FTCA), asserting that the acts described have cast him in a false light. *See id.* at ¶ 27. Next, Plaintiff raises a number of issues with respect to the conditions of his confinement. He claims that there are ventilation problems which have caused him to get sick;

---

[2] Defendant has since moved to amend his complaint to substitute certain named individuals for the John Doe defendants. That motion [33] was granted by Order [36] dated January 8, 2010 and Plaintiff was directed to serve these new defendants and file proof thereof with the court by May 7, 2010.

[3] Katon Varnado is not a defendant in this action.

that for one and a half weeks in December 2008, the bathrooms in his unit were shut down; and that the housing units are "triple and double bunked and cramped." *See* Second Supp. Cplt. [6] at 1-2. Next, Plaintiff asserts that his Unit Team has not considered him for placement in pre-release community confinement (in a Residential Reentry Center (RRC)) even though he has requested it, and that his Unit Managers do not show up for Unit Teams. *See id.* at ¶¶ 3-5. Finally, Plaintiff claims that he has been discriminated against on account of his race, which he alleges is Native American (Lakota Sioux). *See* Supp. Cplt. at ¶ 24. He also claims that the BLM wrongfully denied him an allotment of 160 acres as a Lakota Sioux. *See* Second Supp. Cplt. at ¶ 6.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the non-moving party, the moving party demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the moving party fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.

3

*John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

## ANALYSIS

In his motion for summary judgment, Plaintiff merely repeats many of the allegations set forth in his complaint and supplemental complaints, and attaches a self-serving Declaration which also repeats these allegations as well as sets forth numerous legal conclusions. This is clearly insufficient to warrant summary judgment in his favor. *See Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991) (stating that "unsupported ... affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."). Viewing the evidence in the light most favorable to Defendants, as this court must, it is clear that Plaintiff has failed to meet the requirements of Rule 56, as he has failed to establish the absence of genuine issues of material fact with respect to his claims. "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion . . . ." *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Accordingly, Plaintiff's motion for summary judgment should be denied.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Plaintiff's Motion for Summary Judgment [29] be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 19th day of January, 2010.

s/ Michael T. Parker  
United States Magistrate Judge
