# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

FREDERICK BANKS                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO: 5:08-cv-336-DCB-MTP

D. BUTLER, et al.                                    DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of January 19, 2010 (docket entry no. 41). Therein, Judge Parker recommends that the Motion for Summary Judgment (docket entry no. 29) filed by plaintiff Frederick Banks ("Banks" or "plaintiff") be denied. Having reviewed the Report and Recommendation, the plaintiff's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

The Magistrate Judge's Report and Recommendation contains a thorough recitation of the plaintiff's claims and the named defendants, so the Court will abbreviate that information where appropriate. The plaintiff is an inmate at the Federal Corrections Complex in Yazoo City, Mississippi ("FCC Yazoo"). On December 19, 2008, he filed a pro se civil complaint, otherwise known as a Bivens[1] action, against named and unnamed defendants. The

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a Bivens action applies to alleged constitutional violations by federal actors, while a section 1983 action applies to alleged constitutional violations by state actors. See Izen v. Catalina,

defendants filed a Motion to Dismiss or in the alternative Motion for Summary Judgment [docket entry no. 23] on June 22, 2009. Thereafter, the plaintiff filed his Reply and Cross Motion for Summary Judgment [docket entry no. 29] on June 29, 2009. On January 14, 2010, following a motion by the plaintiff to substitute new defendants, the defendants withdrew their Motion for Summary Judgment.

In the Report and Recommendation concerning the plaintiff's Motion for Summary Judgment, Judge Parker recommends that the summary judgment motion be denied because the plaintiff "merely repeats many of the allegations set forth in his complaint and supplemental complaints, and attaches a self-serving Declaration which also repeats these allegations as well as sets forth numerous legal conclusions." As a result, Judge Parker concluded that the plaintiff failed to meet the requirements of Federal Rule of Civil Procedure 56.[2]

In the plaintiff's objection to the Report and Recommendation, he argues that the Magistrate Judge erred by viewing the evidence in the light most favorable to the non-moving party. The plaintiff

---

398 F.3d 363, 367 n.3 (5th Cir. 2005).

[2] Under Rule 56, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact, and unless he has done so, the court may not grant the [summary judgment] motion . . . ." Hibernia Nat'l Bank v. Administration Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

asserts that because he is a Native American, the Court is to interpret statutes in a light most favorable to the Indian tribes in accordance with the "Indian Cannon of Construction."

In <u>Chickasaw Nation v. U.S.</u>, 208 F.3d 871, 880 (10th Cir. 2000), the Court held that "federal statutes are to be liberally construed in favor of Native Americans . . . only where the statute at issue is ambiguous." Judgment aff'd, 534 U.S. 84, 122 S.Ct. 528, 151 L.Ed. 2d 474 (2001). The Supreme Court has established that in a court's analysis of a summary judgment motion, the party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). As a result, this burden is not ambiguous and, more importantly, the Magistrate Judge nor this Court, is interpreting a statute in the instant case. Therefore, the plaintiff's objection is without merit.

After a <u>de novo</u> review of the portions of the Report and Recommendation to which the plaintiff has objected, the Court is unable to find any error. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and

Recommendation [docket entry no. 41] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Summary Judgment [docket entry no. 29] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 24th day of March 2010.

s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**