# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

FREDERICK BANKS                                                                                  PLAINTIFF

VS.                                               CIVIL ACTION NO. 5:08cv336-DCB-MTP

D. BUTLER, et al.                                                        DEFENDANTS

## ORDER

THIS MATTER is before the court on a Motion [60] to Require U.S. Attorney to Inquire into Plaintiff's SHU Confinement Status, filed by Plaintiff Frederick Banks. Having reviewed the submissions of the parties, the court finds that the motion is not well-taken and should be denied.

In the instant motion Plaintiff, who is currently housed in the Special Housing Unit (SHU) at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"),[1] argues that he was placed in the SHU "to obstruct his access to his legal case file." Plaintiff argues that his access to legal materials is being restricted and asks the court to order the United States Attorney to "personally contact SHU Lt. Williams and inquire into the status of Banks' SHU confinement and to ascertain why he has not been provided with his legal papers so he can prosecute this case." *See* Motion [60].

In response, Defendants have submitted a Declaration from Gregory E. Rodgers, Lieutenant for the SHU at FCC Yazoo City, who provides general oversight of the day-to-day activities in the SHU. Lieutenant Rodgers explains that due to security and housekeeping concerns, there are restrictions on the amount of legal materials inmates in the SHU can possess

---

[1] According to Defendants, Plaintiff has been housed in the SHU since May 11, 2010. *See* Rodgers Decl. ¶ 4. Plaintiff contends, however, thart he has been housed there since March 21, 2010. *See* Reply [66].

1

in their cell. However, excess legal materials may be kept in a storage room in the SHU. Plaintiff has five duffel bags full of legal paperwork which are kept in this storage room. Plaintiff is given access to these materials and to the SHU law library on a regular basis - approximately two to four times a week. Plaintiff is allowed to remove and exchange items as needed, and may take items to the law library and/or back to his cell upon request. Lieutenant Rodgers further avers that Plaintiff has been housed in the SHU since May 11, 2010, but only requested access to his legal materials in approximately mid-July 2010. *See* Declaration of Gregory E. Rodgers (Exh. 1 to Defs' Response). In response, Plaintiff claims that there are unidentified legal materials, in addition to those in the five duffel bags, which are kept not in the SHU but in a different unit at FCC Yazoo City and, therefore, he does not have access to them. *See* Reply [66].

Prisoners generally enjoy the constitutional right of access to the courts; however, this right is not unlimited and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [their] convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). As the Fifth Circuit has noted, "the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 816, 821 (5th Cir. 1993). Plaintiff has failed to establish that he is being denied an opportunity to file legal claims or to file necessary legal documents. Indeed, as set forth *supra,* Plaintiff clearly has access to his voluminous legal materials and to the law library. Although Plaintiff claims there are legal materials to which he does not have access, he does not identify the materials nor explain how they are necessary to prosecute this or any other case.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [60] to Require U.S. Attorney to

Inquire into Plaintiff's SHU Confinement Status is denied.

SO ORDERED on this the 9th day of August, 2010.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge