**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FREDERICK BANKS**

VS.                                                                  CIVIL ACTION NO. 5:08cv336-KS-MTP

**D. BUTLER, ET AL**

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Motion to Dismiss or, In the Alternative, Motion for Summary Judgment [56] filed by Defendants and *sua sponte* for evaluation under 28 U.S.C. § 1915(A). A Report and Recommendation [74] has been filed by the Magistrate Judge and an Objection thereto has been filed by the Plaintiff [75], no Response is being filed by the Defendants [77]. Having reviewed the motion, the entire record, the response and the applicable law and thus being fully advised in the premises, the undersigned finds that the motion should be granted and that Plaintiff's *Bivens* claims should be dismissed without prejudice for failure to exhaust administrative remedies and that Plaintiff's claims under the Privacy Act of the Federal Court Claims Act be dismissed with prejudice.

### I. FACTUAL BACKGROUND

Plaintiff Frederick Banks is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo City). On February 25, 2005, he was sentenced to serve a term of 60 months for convictions of mail fraud (three counts), copyright infringement, money laundering, uttering and possession of a counterfeit or forged security, and witness tampering by Judge Hardiman in the Western District of Pennsylvania. On March 10, 2006, Plaintiff was

1

sentenced to an additional terms of 63 months for convictions of mail fraud (eight counts) by Judge Conti in the Western District of Pennsylvania.  Plaintiff is projected to be released from serving his sentences on May 23, 2013.  *See* Exhs. 1, 2 & 3 to Motion for Summary Judgment.

In this action, filed by Plaintiff *pro se* on or about December 19, 2008, Plaintiff attempts to assert claims against the following Defendants: 1) Diana F. Butler, Accounting Technician at FCC Yazoo City; 2) Lisa S. Hunt, Accounting Technician at FCC Yazoo City; 3) Bruce Pearson, Warden at FCC Yazoo City; 4) Sandra Luton, Trust Fund Supervisor at FCC Yazoo City; 5) Julie L. Southerland, Unit Manager at FCC Yazoo City; 6) Phillip C. Jackson, Counselor at FCC Yazoo City; 7) Phillip Beatty, Jr., Correctional Systems Officer at FCC Yazoo City; 8) Sarita Johnson, Inmate Systems Manager at FCC Yazoo City; 9) the United States; 10) the Department of Justice (DOJ); 11) the Bureau of Prisons (BOP); 12) the Secretary of the Department of Interior; 13) the Bureau of Land Management (BLM);[1] 14) Keith Everett, Unit Manager at FCC Yazoo City; 15) Shirley Skipper-Scott, Deputy Case Management Coordinator at FCC Yazoo City; 16) Lisa Chisolm, Case Manager at FCC Yazoo City; and 17) Robert Brown, Assistant Trust Fund Supervisor at FCC Yazoo City.

Plaintiff makes a number of allegations in this lawsuit.  First, Plaintiff alleges that from February 16, 2007 through November 5, 2008, Defendants Butler, Hunt, Pearson and Luton "froze, encumbered, and stole or otherwise distributed [his] funds out of his inmate trust fund account ... and otherwise converted the funds to their own use."  *See* Cplt. [1] at ¶ 1.  Plaintiff also alleges that around October or November of 2008, Defendants Butler, Hunt, Pearson and

---

[1] Defendants BLM and Department of Interior have made a limited appearance for the instant motion, as they contend that they have not been properly served with process.

Luton were presented with a § 2241 petition and a green money form for his filing fee, but instead of processing them, they were returned to him. *See id.* at ¶ 2. Plaintiff also alleges that on three occasions, Defendant Jackson, "along with his partner in crime Katon Varnado,"[2] obstructed, read and disseminated his personal and legal mail. *See* Supp. Cplt. [5] at ¶ 11. Plaintiff avers that Defendants Southerland, Beatty, Jackson and Johnson unlawfully opened, censored and interfered with his legal mail outside of his presence. *See id.* at ¶¶ 13-17. Plaintiff further contends that unspecified Defendants violated the Privacy Act by copying his private files which contained his "social security number, name and likeness and home address" and disseminating them among staff and inmates in conversations. *See id.* at ¶¶ 18-19. Plaintiff also asserts a separate invasion of privacy claim against the United States under the Federal Tort Claims Act (FTCA) based on these acts, arguing that they have placed him in a "false light." *See id.* at ¶ 27.

Next, Plaintiff raises a number of issues with respect to the conditions of his confinement. He claims that there are ventilation problems which have caused him to get sick; that for 1 ½ weeks in December 2008, the bathrooms in his unit were shut down; and that the housing units are "triple and double bunked and cramped." *See* Second Supp. Cplt. [6] at ¶¶ 1-2. Plaintiff asserts that his Unit Team has not considered him for placement in pre-release community confinement (in a Residential Reentry Center (RRC)) even though he has requested it, and that his Unit Managers do not show up for Unit Teams. *See id.* at ¶¶ 3-5. Finally, Plaintiff claims that he has been discriminated against on account of his race, which he alleges is Native American (Lakota Sioux). *See* Supp. Cplt. at ¶ 24. He also claims that the BLM

---

[2] Katon Varnado is not a defendant in this action.

3

wrongfully denied him an allotment of 160 acres as a Lakota Sioux. *See* Second Supp. Cplt. at ¶ 6.

Defendants filed their Motion for Summary Judgment on July 1, 2010.[3] They contend that they are entitled to a dismissal of Plaintiff's claims because: 1) Plaintiff has failed to exhaust his administrative remedies; 2) Plaintiff has failed to establish a violation of his constitutional rights; 3) Defendants are entitled to qualified immunity; 4) Plaintiff fails to state a Privacy Act claim; 5) Plaintiff's FTCA claim fails; and 6) Plaintiff has failed to properly serve the BLM/Department of Interior.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments

---

[3] Defendants originally moved for summary judgment on June 22, 2009.  *See* [23].  That motion was subsequently withdrawn without prejudice to defendants' right to re-file it once certain newly-added defendants had been properly served and had appeared before the court. *See* [37] [40].

contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

*Objection No. 1:*  The Court does not address Banks' claims against the Department of Interior and the Bureau of Land Management, his Fifth Amendment right to due process.

The claim filed by Banks is an action against prison officials.  Bringing into this complaint allegations of due process violations by the Bureau of Land Management and the Department of Interior are baseless.  If Banks has separate complaints against the BLM or Department of Interior, they need to be brought in a separate suit.  This is a *Bivens* action, etc.

*Objection No. 2:*  The Defendants' failed to discharge the burden of showing the absence of a genuine issue concerning material facts as to Banks' failure to exhaust, etc.

The numbers are clear. Banks has had multiple opportunities to file complaints and is well familiar with the procedures. Since his incarceration Mr. Banks has taken advantage of and has pursued every right that he has as a federal inmate, except one.  Which is to quietly do his time and pay his debt to society. Banks is not entitled to an evidentiary hearing and no justification is shown in the Objections to the Report and Recommendation.

*Objection No. 3:*  The Court erred when it said that it sided with Southerland when she claimed that it is well known among inmate population, etc.

This Court accepts Southerland's statement, but even if it not known, it was certainly known to Mr. Banks, who has on numerous occasions taken advantage of the process.

*Objection No. 4:*  The Court noted that Banks stated that Defendants disseminated copies of financial and other records, etc.

These are conclusory and unsubstantiated claims by Banks.

*Objection No. 5:* Banks' Federal Tort Claim regarding invasion of privacy, was within the scope of Defendants' employment, etc.

Immunity is not waived for intentional torts as stated in the Report and Recommendation and this Objection is baseless.

*Objection No. 6:* Doubtful and ambiguous explanation in statute and regulations to be resolved in favor of Indian.

There is nothing doubtful and ambiguous that needs to be resolved in the favor of Mr. Banks.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Petitioner's Objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Petitioner's Complaint as against Defendants D. Butler, L. Hunt, Bruce Pearson, Sandra Luton, Julie Southerland, Phillip Jackson, Unknown Beatty, Unknown Johnson, John Does 1-10, Department of Justice, Federal Bureau of Prisons, United States of America, Secretary, Department of the Interior, Bureau fo Land Management, K. Everett, Skipper Scott, Lisa Chisolm, Rachael Fieber and Unknown Brown should be dismissed with

prejudice pursuant to 28 U.S.C. § 1915(e)(2).  All other pending motions are denied as moot.

**SO ORDERED this, the 2nd   day of November, 2010.**

*s/Keith Starrett*
**UNITED STATES DISTRICT JUDGE**